UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20197-CIV-SEITZ/SIMONTON

BURGER KING CORPORATION,
A Florida Corporation

  Plaintiff,

v.

VINCENT F. EUPIERRE,
an individual,

  Defendant.
_____/

### OMNIBUS ORDER GRANTING PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE SERVICE, DENYING DEFENDANT'S MOTION TO DISMISS, AND ORDERING THE PARTIES TO FILE A JOINT SCHEDULING REPORT

THIS MATTER came before the Court upon Plaintiff's Motion for an Enlargement of Time to Complete Service [DE 14] and Defendant's Motion to Dismiss for Failure to Timely Effectuate Service and to Quash Service of the Summons. [DE 10]. Additionally, Plaintiff filed a Notice stating that Defendant will not cooperate in setting discovery and pretrial deadlines for submission of the Joint Scheduling Report ("JSR") because he disputes service of process. [DE 12]. Upon review, the Court will grant Plaintiff's Motion for an Enlargement of Time to Complete Service beyond the 120 days set forth in Fed. R. Civ. P. 4(m) because Plaintiff has shown good cause. As such, the Court will deny Defendant's Motion to Dismiss for Failure to Timely Effectuate Service and to Quash Service of the Summons. Additionally, Plaintiff has made a *prima facie* showing that it served Defendant with process on its second attempt and Defendant has not come forward with clear and

1

convincing evidence of insufficient service. Thus, the parties must file the Joint Scheduling Report no later than July 6, 2012.

## I. BACKGROUND[1]

This case concerns a contract dispute between Plaintiff Burger King Corp. ("Burger King") and Defendant who owns twenty nine Burger King franchises. [DE 7]. Specifically, Burger King alleges that Defendant breached certain franchise agreements by failing to pay royalties, advertising, and other charges due. Additionally, Burger King contends that Defendant failed to install required "POS Systems."

However, the issue presently before the Court is not related to the merits of Burger King's claims, but instead is a challenge to service of process. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), and maintains that Burger King did not properly serve him with the summons and complaint within 120 days as required by Fed. R. Civ. P. 4(m) and, therefore, this action must be dismissed. [DE 10]. Burger King opposes Plaintiff's Motion. Burger King contends that this case should not be dismissed because it initially delayed in serving Defendant because the parties were engaged in settlement negotiations, its first attempt at service was within the 120-day time limit and it believed it had effectuated service based on the process server's affidavit, and as soon as it discovered that Defendant disputed service, it served Defendant again. Thus, Burger King contends that dismissal, under Fed. R. Civ. P. 4(m), is not warranted. [DE 13]. Simultaneous with filing its opposition papers to Defendant's Motion to Dismiss, Burger King also filed a Motion for an Enlargement of Time to Serve Defendant. [DE 14].

---

[1] Unless otherwise noted, the factual background is derived from Plaintiff's Amended and Supplemental Complaint [DE 7] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

## III. DISCUSSION

### *A. Motion for Extension of Time to Effectuate Service*

Burger King requests an extension of time to effectuate service of process. [DE 14]. Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "Good cause 'exists when some outside factors, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (*quoting Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). Additionally, the Court may grant an extension of time for service absent good cause if other circumstances warrant the extension. *Id.*

Here, Burger King filed its Complaint on January 18, 2012. As such, Burger King had until May 17, 2012 to effectuate service of the Summons and Complaint. Burger King maintains that it believed that it had served Defendant within the requisite time period because it relied on its process server's affidavit, [DE 13 at 4], which states that Defendant was personally served on April 26, 2012, [DE 8], within the 120-day time limit. Burger King asserts that it did not learn that Defendant disputed service until he filed his Motion to Dismiss on May 18, 2012. [DE 13 at 3]. Defendant, however, disputes that he was personally served and has submitted an affidavit that states that on April 27, 2012, a man entered the lobby of his business and spoke to Marylu Ochoa at the front desk. Ms. Ochoa advised the man that Defendant was not in the office. The man then handed Ms. Ochoa a paper and when Ms. Ochoa asked whether there was anything else, the man replied "no just

3

dropping it off" and then left. [DE 10-1].

Burger King does not argue that its initial attempt at service on either April 26 or April 27 was defective. Even so, Defendant's affidavit is of little evidentiary value because the statements concerning the conversation between the process server and Ms. Ochoa constitute hearsay. Regardless, assuming that the first attempt at service was ineffective, there is good cause to extend the time to effectuate service. First, Burger King relied on the process server's affidavit, which clearly states that Defendant was personally served on April 26, 2012, [DE 8], prior to expiration of the 120 days. Additionally, Burger King states and Defendant does not dispute, that it waited to effectuate service because the parties were engaged in settlement negotiations. [DE 13 at 2, DE 14 at 1]. Indeed, on March 14, 2012, Burger King filed a motion, which the Court granted, requesting an extension of time to file the JSR because it had not effectuated service due to settlement discussions. [DE 5 at 2]. As such, it is reasonable for the Court to infer that due to the settlement negotiations, Defendant was aware of Plaintiff's claims and, accordingly, is not prejudiced by an extension of time beyond the 120 days. *Gambino v. Village of Oakbrook, Polo, & Equestrian Club of Oakbrook, Ltd.*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to extend deadline for service where service was delayed due to settlement negotiations between plaintiff and defendant's insurance company). Thus, the Court must grant Burger King's Motion for an Extension of Time to Serve Defendant.

### *B. Service is Proper*

Next, Burger King maintains that as soon as it learned that Defendant disputed service upon

4

the filing of the Motion to Dismiss, it effectuated service pursuant to California law.[2] "Once the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process." *Cornwall v. Miami-Dade Cty. Corr. & Rehab. Dep't.*, 2011 U.S. Dist. LEXIS 97963, at *4 (S.D. Fla. Aug. 31, 2011) (citations omitted). "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, 2009 U.S. Dist. LEXIS 101446, at *8 (S.D. Fla. Oct. 14, 2009).

California Code of Civil Procedure § 415.20(b)[3] provides that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint, by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons is deemed complete on the 10th day after the mailing.

The process server states in his affidavit that he served Ms. Ochoa, the "receptionist apparently in charge," with the Summons and Amended and Supplemental Complaint at 2275 Sampson Avenue, #201, Corona, CA 92879 on May 24, 2012. The affidavit further states that the process server went to that address on May 22, 2012 and May 23, 2012 and asked about the Defendant and that Ms. Ochoa said that he comes and goes as he pleases and that she did not know when he would be returning. Additionally, the process server attests in the affidavit that he mailed copies of the

---

[2] Fed. R. Civ. P. 4(e)(1) provides that service may be effectuated upon an individual by following state law for serving a summons where the district court is located or where service is made. As set forth below, Defendant was served in California.

[3] Subparagraph (b) applies because Defendant is a person to be served as defined in Cal. Code. Civ. P. § 416.90, which is covered by subparagraph (b).

Summons and Amended and Supplemental Complaint to Defendant on May 24, 2012 at 2275 Sampson Avenue, #201, Corona, CA 92879. [DE 11].

Based on the process server's affidavit, Burger King has made a *prima facie* showing that it served Defendant with process pursuant to the California Code of Civil Procedure. Defendant has not come forward with evidence, let alone strong and convincing evidence, that service was insufficient. Indeed, Defendant failed to file a reply in response to Burger King's contention, in opposition to the Motion to Dismiss, that it effectuated service on Defendant on its second attempt. Thus, the Court finds that Burger King effectuated service of process on Defendant.

### III. CONCLUSION

For the reasons set forth above, it is

ORDERED THAT

(1) Plaintiff's Motion for an Enlargement of Time to Serve Amended and Supplemental Complaint is GRANTED. [DE 14].

(2) Defendant's Motion to Dismiss for Failure to Timely Effective Service and to Quash Service of the Summons is DENIED. [DE 10].

(3) No later than **July 6, 2012**, the parties shall file a Joint Scheduling Report that conforms with the requirements set forth in the Order Requiring JSR [DE 4].

DONE AND ORDERED in Miami, Florida, this 14th day of June, 2012.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record